## LINN v. BOARD OF EDUCATION OF CITY OF CHICKASHA.

No. 6389.   Opinion Filed May 26, 1914.

**SCHOOLS AND SCHOOL DISTRICTS**—Board of Education—Member —Election of Successor—Right to Hold Over.   A member of a board of education for a city of the first class elected in 1912, pursuant to Comp. Laws 1909, sec. 8014, has a right to hold over until his successor is elected and qualified pursuant to act May 22, 1913, which took effect January 1, 1914 (Sess. Laws 1913, art. 6, sec. 6, p. 525), and which, so far as inconsistent, repeals said section.

(Syllabus by the Court.)

*Error from District Court, Grady County;*
*Frank M. Bailey, Judge.*

*Wm. Stacey,* for plaintiff in error.

*Alger Melton,* for defendant in error.

TURNER, J.  On May 9, 1914, the plaintiff, L. C. Linn, filed his motion and prayed a writ of mandamus in the district court of Grady county, to require the defendants, the board of education of Chickasha, a city of the first class, to recognize him as a member thereof.  The answer admits that the board had refused so to do, and further, that plaintiff was elected one of the five members thereof in 1913 to serve for two years, pursuant to Comp. Laws 1909, sec. 8014, but based its right to exclude him upon the ground that his term expired May 1, 1914, leaving as the only remaining members of said board five defendants, who were elected as members thereof in 1913, to serve for a term of two years.  They allege that he had no right to hold over because, they say, the office was abolished by article 6, sec. 6, of an act approved May 22, 1913 (Sess. Laws 1913, c. 219).

The court sustained the contention of defendants, the five members elected in 1913, as stated, and refused to issue the writ, and plaintiff brings the case here.

The court erred, and plaintiff had the right to hold over until his successor is elected and qualified.  The pertinent part of section 8014, *supra,* reads:

"At each annual city election there shall be a board of education, consisting of one member from each ward, elected by the qualified voters thereof, who shall hold his office for a term of two years, and until his successor is elected and qualified."

As to when and how his successor shall be elected and qualified, act of May 22, 1913, *supra,* which took effect January 1, 1914, and which, so far as inconsistent, repealed said section, provides:

"* * * At the biennial election in 1915, there shall be elected a school treasurer by the city at large who shall hold office two years and a board of education consisting of one member from each ward and one from outlying territory to be nominated from respective wards or outlying territory and elected by the qualified voters of the district at large, two of whom shall hold office for a term of two years and other for a term of

four years, and until their successors are elected and qualified."

As by the provisions· of said act plaintiff's successor could not be elected before the biennial city election to be held in 1915 and that time has not yet arrived, the writ should go.   It is so ordered.

    All the Justices concur.